IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHAN, UNG, CHAN, THOV, PROM<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cr-00239 LJO<br><br>ORDER DENYING REQUEST FOR<br>BILL OF PARTICULARS; ORDER<br>CONFIRMING TRIAL DATE OF<br>JANUARY 26, 2009 |

　　　　The Court has received and reviewed Defendant Thov's Motion for a Bill of Particulars (Federal Rules of Criminal Procedure, Rule 7(f)). The Court has also re-reviewed the Indictment that was filed on September 27, 2007. The Court had represented to counsel that upon receipt of the motion, it would review it and determine whether or not it would be necessary for the Government to respond. The Court has determined that there is no need to respond to the motion.

　　　　Pursuant to the wording of FRCrP 7(f), this type of motion is generally filed within 10 days of the arraignment. (The arraignments in the instant case began occurring in September of 2007, more than two full years ago. The Court was expecting to find out in the moving papers whether or not there was some valid reason for the extraordinary delay in the filing this instant motion. No explanation accompanied the motion.

　　　　There appears to be no conflict in counsels' understanding that the function of a Bill of Particulars is to provide the needed notice of the essential facts supporting the crimes alleged in the indictment (U.S. v Rigas (2007) 490 F.3d 208, 237; U.S. v Mejia (2006) 127 S.Ct. 989.) The test is whether the information requested in the Motion for a Bill of Particulars is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise. (U.S. v Bortnovsky (1987) 820 F.2d 572, 575.

　　　　A defendant is not entitled to a bill of particulars as a matter of right. (Wyatt v U.S.(1968) 388 F.2d 395). Whether to order a bill, and what information it must contain, are decisions left to the

1

discretion fo the trial court (U.S. v Kinzman (1995) 54 F.3d 1522).

A review of the Indictment is essential. The instant motion has targeted Counts 1, 5,6, and 7. A reading of each of the four complaints leads this Court to conclude that adequate notice of the charges, both factually and legally, has been given to the moving defendant.

The argument that accompanies the instant motion makes it clear to this Court that the motion would better be entitled a discovery motion. A bill of particulars is not intended to be used for discovery purposes. (U.S. v Shepard (2006) 462 F.3d 847, 860).

At this point so close to trial, the additional information sought can be either provided by the Government, or it can be taken up in a thorough and proper motion in limine. (U.S. v Urban (2005) 404 F. 3d 754, 772). This Court is not suggesting that the requested additional information in this motion has not already been provided, or will not be provided in a timely fashion, in discovery. The required notice has been supplied in the Indictment, and that is the test.

The motion is denied. The trial is confirmed as set.

IT IS SO ORDERED.

**Dated:  December 12, 2008**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE